UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CARBON ACTIVATED TIANJIAN COMPANY, LTD. et al,

Plaintiffs,

-v-

NEVILLE PETERSON LLP,

Defendant.

---------------------------------------------------------------------X

26-CV-9248 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

Defendant Neville Peterson LLP removed this action, brought by Plaintiffs Carbon Activated Tianjian Company, LTD and Carbon Activated Corp., pursuant to 28 U.S.C. § 1332. Section 1332 provides for jurisdiction over — as relevant here — lawsuits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Under that provision, federal courts "have diversity jurisdiction over cases between citizens of the United States and citizens of foreign states, but . . . not . . . over cases between aliens. More specifically, diversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (alterations and internal quotation marks omitted). Also, "federal courts lack subject matter jurisdiction over lawsuits between two foreign parties, when there are not also U.S. citizens on both sides of the case." *Farag v. Hanna*, No. 25-CV-5922 (JPO), 2025 WL 2402199, at *4 (S.D.N.Y. Aug. 19, 2025) (internal quotation marks omitted). A federal court has an independent obligation to assure itself that jurisdiction exists. *See id.* at 48. A notice of removal that fails to adequately allege the parties' citizenship does not properly invoke a federal court's diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

The Notice of Removal in this case alleges that Defendant Neville Peterson LLP is a limited liability partnership organized under the laws of New York with central offices in New York. *See* ECF No. 1 ("Notice of Removal.") ¶¶ 13; *see also* ECF No. 1-1 ("Compl.") ¶¶ 3. But the Notice of Removal does not allege the citizenship of Defendant Neville Peterson LLP's general or limited partners, if any. Yet, it is well established that, for purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases). The Notice of Removal therefore fails to allege the citizenship of Defendant Neville Peterson LLP and does not properly invoke the Court's diversity jurisdiction.

Accordingly, it is hereby ORDERED that, on or before **October 29, 2026,** Defendant

shall amend its Notice of Removal to allege the citizenship of each constituent person or entity comprising the Plaintiff limited liability partnership. If, by that date, Defendant does not amend the Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the state court, without further notice to the parties.

SO ORDERED.

Dated: October 22, 2026
New York, New York

JESSE M. FURMAN
United States District Judge